**James Joseph PAINTER,**
**Plaintiff-Appellant,**

v.

**FEDERAL BUREAU OF INVESTIGA-**
**TION, et al., Defendants-Appellees.**

No. 82–8243
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1982.

Larry W. Thomason, William F. Rucker, Atlanta, Ga., for plaintiff-appellant.

Anthony L. Cochran, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant James Joseph Painter was dismissed by the Federal Bureau of Investigation (FBI) from his position as special agent for lying in a sworn statement. Appellant subsequently applied for a security position with a private employer. The employer sent a letter to the FBI requesting verification of past employment. The FBI's response listed "the periods of the plaintiff's employment as a clerk and a special agent of the FBI," and "reported [that] the plaintiff was employed until October 18, 1977, when his services were *terminated.*" *See* Record on Appeal, p. 39 (declaration by Chief of Records Management Division, FBI) (emphasis added).

Appellant then brought this suit claiming that he had been deprived of liberty and property without due process of law as required by the Fifth Amendment, seeking damages under the Federal Tort Claims Act,[1] and requesting backpay, reinstatement, and declaratory relief. The district court ruled that it lacked jurisdiction over appellant's tort claim since he had not presented his claim for damages to the appropriate federal agency. 537 F.Supp. 232. *See* 28 U.S.C.A. § 2675(a) (West 1981). The

court dismissed appellant's due process "property entitlement" claim for failure to state a claim upon which relief may be granted, and ruled in the alternative that a summary judgment on this point also would be appropriate. Finally, the court entered a summary judgment against appellant on his due process "liberty" claim.[2]

On appeal, appellant asserts only the two due process claims. First, he contends that he was deprived of liberty when the FBI released information concerning his termination to a private employer. It is well established that falsely attacking one's good name, reputation, honor, and community standing may constitute a deprivation of liberty. *See Board of Regents of State College v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, the record discloses that only the *fact* of appellant's termination, and not the *circumstances* surrounding that termination, were disclosed to a private employer.[3] Further, even had those circumstances been disclosed, appellant has not disputed the allegations upon which his termination was based.[4] The district court correctly noted that *Sims v. Fox,* 505 F.2d 857 (5th Cir.1974), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975), governs; therefore, a summary judgment against appellant as to this claim was correct. *Id.* at 846 (government has not infringed liberty unless it *communicates untrue charges*).

Second, appellant contends that he was deprived of a property interest in his employment without due process of law. The Supreme Court has stated:

"Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as

---

1. 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–80 (West 1981).

2. The district court also dismissed the claims as to William Webster, as Director of the FBI, and the FBI itself. Appellant did not raise the propriety of these dismissals in this appeal, and we express no opinion in the matter.

3. Appellant has not rebutted the declaration to this effect by the FBI's Chief of the Records Management Division, *supra.*

4. Apparently, his only contention is that the subject of the statement in which he lied was not job related.

state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. We note that all positions in the FBI are excepted by statute from procedural protections afforded employees in the competitive civil service, *see* 28 U.S.C.A. § 536 (West 1966), and that by regulation excepted employees are expressly excluded from the scope of administrative rules providing procedural protections to civil service employees subjected to adverse employment action. *See* 5 C.F.R. §§ 1.1, 771. Thus, there is no property interest created by statute or regulation in appellant's employment with the FBI. There is some dispute over whether a property interest in a position excepted from the civil service may nonetheless be created by informal rules and understandings. *Compare Ashton v. Civiletti,* 613 F.2d 923 (D.C.Cir.1979), and *Paige v. Harris,* 584 F.2d 178 (7th Cir.1978), *with Fiorentino v. United States,* 607 F.2d 963 (Ct.Cl.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980). We need not address this issue, however, as appellant has not alleged the existence of any past practices, employment handbooks, letters of appointment, or understandings from which an expectation of job tenure might arise. *Compare Ashton v. Civiletti,* 613 F.2d at 928–30. In the absence of a legitimate expectation of entitlement to employment, Due Process attaches no conditions to the decision to discharge an employee. *Board of Regents of State Colleges v. Roth,* 408 U.S. at 569–70, 92 S.Ct. at 2705. As a matter of law, therefore, the defendants were entitled to judgment on this issue.[5]

We thus affirm the decision of the district court.

AFFIRMED.

---

**5.** The district court dismissed this aspect of appellant's claim for failure to state a claim upon which relief can be granted, and ruled in the alternative that summary judgment also was appropriate. Because the district court in its discussion clearly went beyond the face of the pleadings, and in particular addressed the declaration by an officer of the FBI to the effect that the agent's manual contains no references to job tenure or security, we treat the district court's decision as one granting summary judgment against the appellant.