755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL KIRK, PLAINTIFF-APPELLANT,
v.
UNITED STATES BUREAU OF PRISONS, DEFENDANT-APPELLEE.
 NO. 93-5932
 United States Court of Appeals, Sixth Circuit.
 1/14/85
 
 ORDER
 BEFORE: KEITH, JONES and KRUPANSKY, Circuit Judges.
 
 
 1
 Paul Kirk appeals pro se from the district court's order dismissing his pro se Federal Tort Claims Act complaint. The district court found that it lacked jurisdiction over the complaint. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed, Rule 34(a), Federal Rules of Appellate Procedure, and reverses.
 
 
 2
 Kirk filed this complaint against the Bureau of Prisons regarding items of personal property, including legal papers, that were lost or stolen while Kirk was in disciplinary segregation. The government filed a motion to dismiss the complaint on the grounds that a federal agency cannot be sued in its own name under the Federal Tort Claims Act. The Magistrate who considered the motion recommended dismissal but did state that Kirk could amend his complaint to add the United States as the defendant. Kirk filed a pleading in which he stated that 'it should be clear to all concerned that he is proceeding against the United States.'
 
 
 3
 The general rule is that an administrative agency may not be sued in its own name unless Congress explicitly authorizes such a suit. Blackmar v. Guerre, 342 U.S. 512, 515 (1952); Meyers & Meyers, Inc., v. U.S. Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). A liberal policy toward allowing amendments to correct errors in pleadings furthers a basic objective of the Federal Rules of Civil Procedure of determining cases on their merits. C. Wright, A. Miller, Federal Practice and Procedure, Sec. 1474. Moreover, pro se complaints are held to a less stringent standard than the formal pleadings of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In light of Kirk's declaration that he was suing the United States, the district court would properly have assumed amendment to his complaint to name the United States. Painter v. Federal Bureau of Investigation, 537 F. Supp. 232, 236 (N.D. Ga.), aff'd. on other grounds, 694 F.2d 255 (11th Cir. 1982).
 
 
 4
 We reverse and remand for proceedings on the merits of Kirk's complaint.