Paul M. **OSTERA**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 85–8045.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1985.

Rehearing and Rehearing En Banc
Denied Oct 7, 1985.

Edwin D. Robb, Jr. and James B. Matthews, Savannah, Ga., for plaintiff-appellant.

Barbara L. Herwig, Irene M. Solet, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before RONEY and FAY, Circuit Judges, and DUMBAULD *, District Judge.

## PER CURIAM:

Everett John "Crazy Horse" O'Neil was a patron at the Foxy Lady Lounge in Sa-

---

vannah, Georgia when he attacked plaintiff, Paul M. Ostera, blinding him in one eye. Ostera seeks damages against the United States of America for those injuries in this tort claims suit.

Prior to this incident, O'Neil was awaiting sentencing in a South Carolina jail for possession of a pistol when the Federal Bureau of Investigation (FBI) decided to use him as an informant. His sentence of one year or $1000 was reduced to ninety days or $300 because of the FBI's intervention. He was not performing any assignment for the FBI on the night or at the time he attacked plaintiff. Plaintiff does not contend O'Neil was an employee of the United States at the time of the altercation.

Plaintiff sought liability against the Government on the assertion that the release of O'Neil from the South Carolina jail system by the FBI was done with willful or negligent disregard by the FBI of O'Neil's vicious propensities. The district court properly dismissed this complaint as failing to state a cause of action under the Federal Tort Claims Act because of the Government's immunity under the discretionary function exception to tort liability.

The Federal Tort Claims Act is a limited waiver of immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); 28 U.S.C.A. § 2674. This limited waiver of immunity is subject to specific statutory exceptions including 28 U.S.C.A. § 2680(a) commonly referred to as the "discretionary function exception." That provision precludes liability for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

Plaintiff properly concedes that the decision to use informants is a discretionary function. *See Dalehite v. United States,* 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–968, 97 L.Ed. 1427 (1953); *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* —— U.S. ——, ——, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660, 673 (1984). He argues, however, that the decision to obtain O'Neil's release from prison was a decision at the operational level, unprotected by the discretionary function exception. He cites guidelines promulgated by the Attorney General for the selection of informants, implemented in the FBI's Manual of Investigative Operations and Guidelines at Section 137–3.1.1(2), as follows:

> (2) The following factors should be weighed in determining the suitability of an individual to be an informant, but in and of themselves are not crucial in deciding an informant's suitability:
>
> (a) the nature of the matter under investigation and the importance of the information being furnished as compared to the seriousness of past and contemporaneous criminal activity of which the informant may be suspected;

The existence of these guidelines is insufficient to make non-discretionary the decision to use a particular person as an informant. The complaint alleges that the FBI was aware of O'Neil's previous criminal background and had specific knowledge of his vicious propensities. There is neither guideline nor law to cabin the decision as to which individual should be used as an informant. Common sense would indicate that useful informants do not come free of criminal history and that the quality of usefulness may depend to a degree on the depth of a person's prior criminal experience.

This is unlike the situation in *Payton v. United States,* 679 F.2d 475 (5th Cir. Unit B 1982). There the court found that the decision of a prison medical board to examine allegedly insane prisoners is statutorily mandated and non-discretionary, and that once the Government assumed the duty of providing psychiatric treatment to an individual, it was under a non-discretionary duty to provide proper care. It is also unlike the case of *Liuzzo v. United States,* 508 F.Supp. 923 (E.D.Mich.1981), where the attack was not upon the decision to use a certain person as an informant, but focused on the training and supervision of the informant and his authorization to engage in violent activities, illegal under both state and federal law, while on assignment for the Government.

■ The decision to seek the release of an informant from prison is inextricably intertwined in the decision to use him as an informant. The decision to use a particular person as an informant is inextricably intertwined in the policy decision to use informants for law enforcement purposes. "Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable." *Dalehite,* 346 U.S. at 36, 73 S.Ct. at 968. Neither the decision to use a particular person as an informant nor the decision to obtain release of that person from prison is subject to judicial scrutiny under the Federal Tort Claims Act, the Government being immune from suit based on those decisions under the discretionary function exception to the Act.

AFFIRMED.