Roberta REEVES, Plaintiff,

v.

UNITED STATES of America, DEPART-
MENT OF the TREASURY, BUREAU
OF ALCOHOL, TOBACCO AND FIRE-
ARMS, and Don Rogers, individually
and Agent and Employee of the Bureau
of Alcohol, Tobacco and Firearms, De-
fendants.

Civ. A. No. 4:92–cv–95–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Sept. 28, 1992.

Murray Silver, for plaintiff.

Pierre St. Hilaire, for the U.S.

ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defen-
dants' Motion to Dismiss the Bureau of
Alcohol, Tobacco, and Firearms as a Party,

Defendants' Motion to Dismiss the Complaint, and Defendants' Motion to Substitute the United States for Special Agent Rogers.

## I. STATEMENT OF FACTS

This case stems from Plaintiff's conversations with Special Agent Rogers of the Bureau of Alcohol, Tobacco, and Firearms, concerning Plaintiff's belief that her partially mentally retarded son was involved in illegally manufacturing explosives. In May, 1989, Plaintiff's son told Plaintiff that he was manufacturing explosives. Plaintiff then went to her son's apartment and found what appeared to be items relating to the manufacture of explosives. Plaintiff then contacted her sister, a law enforcement officer in Chattanooga, Tennessee, who arranged for Plaintiff to meet with a group of law enforcement officers, including Special Agent Rogers. Plaintiff talked with the officers, and Special Agent Rogers told her he would investigate.

Plaintiff states that in June, 1989 her son somehow learned of the meeting and warned her that they were both in danger. Plaintiff claims that unknown persons made threatening phone calls to her, and followed her. Plaintiff informed Special Agent Rogers of these events and requested that he provide her with protection. Special Agent Rogers did not provide her with protection. Plaintiff states that these events made her very upset, and that she was admitted to a hospital, suffering from an ulcer, nausea, and vomiting. Plaintiff does not allege that either Plaintiff or her son were ever injured by the unidentified people from which Plaintiff charges the Defendants failed to protect her. Plaintiff filed suit seeking damages from the United States, the Bureau of Alcohol, Tobacco, and Firearms' ("ATF"), and ATF Special Agent Rogers.

Defendants move to dismiss this case because the ATF is not a proper party and because this Court lacks subject matter jurisdiction over Plaintiff's common law claims because they are barred by the discretionary function exception of the Federal Tort Claims Act ("FTCA"). Defendants

argue that the discretionary function exception to the FTCA prevents suits against government officials for decisions they make requiring policy choices. Defendants also state that the United States should be substituted as the proper party for Special Agent Rogers.

Plaintiff claims that the Defendants negligently failed to investigate the reports of illegal activity and negligently failed to provide Plaintiff with protection. Plaintiff argues that the government has a duty to protect persons cooperating with law enforcement officials, and that Defendants' failure to properly investigate Plaintiff's claim and failure to provide protection for Plaintiff, violated· this duty. Moreover, Plaintiff claims that Special Agent Rogers' investigation and failure to provide protection for Plaintiff constitute operational activities, which are not covered under the discretionary function exception to the Federal Tort Claims Act.

## II. STANDARD OF REVIEW

■ A Motion to Dismiss is liberally construed and is viewed in light most favorable to the plaintiff. *Gladstone Realtors v. Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). The claim should not be dismissed for failure to state a claim unless it is beyond doubt the plaintiff can prove no set of facts in support of the claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, a motion to dismiss may be granted, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III. DISCUSSION

A. Defendants' Motion to Substitute the United States for Special Agent Rogers

■ The Court initially notes that the United States properly substituted itself for Defendant Rogers pursuant to 28 U.S.C. § 2679. It provides that a suit against the United States shall be the exclusive remedy for persons with claims for

damages resulting from the actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). It provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant with respect to those claims. 28 U.S.C. § 2679(d)(1). Defendants have done this, and therefore, this Court finds that the United States has been properly substituted for Special Agent Rogers, as the proper defendant in this case.

B. Defendants' Motion to Dismiss the Bureau of Alcohol, Tobacco, and Firearms

■ Defendants argue that the Bureau of Alcohol, Tobacco, and Firearms ("ATF") should be dismissed from this suit because it is not a proper party. Plaintiff does not respond.

The Court notes that federal agencies cannot be sued in their own name unless Congress explicitly authorizes suits against a federal agency. *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952); *Painter v. F.B.I.*, 537 F.Supp. 232, 236 (N.D.Ga.), *aff'd*, 694 F.2d 255 (11th Cir.1982). Absent Congressional authorization, federal courts lack subject matter jurisdiction over claims against federal agencies, and any attempt to sue an agency is construed as an action against the United States. *Id.* Accordingly, this Court dismisses ATF from the case.

C. Defendants' Motion to Dismiss the Complaint

1. *The Discretionary Function Exception to the FTCA*

■ A party suing the United States must allege both a basis for the court's

jurisdiction, FED.R.CIV.P. 8(A)(1), and a specific statute containing a waiver of the government's immunity from suit. *See* 5 C. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1212 at 102. Here, Plaintiff alleges that ATF Special Agent Rogers and ATF were negligent in failing to properly investigate her report and in failing to provide her with protection. The applicable waiver of sovereign immunity for these tort claims is the FTCA.

■ The FTCA is a limited waiver of the United States' sovereign immunity for certain claims sounding in tort. 28 U.S.C. § 1346(b). This waiver is subject to a number of express exceptions, which are listed in 28 U.S.C. § 2680. As conditions of a waiver of sovereign immunity, these exceptions define the court's jurisdiction to entertain a suit. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).

■ The exception at issue in this case is the discretionary function exception, which provides that the Government is not liable for:

[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance, or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. 28 U.S.C. § 2680(a).[1]

The discretionary function exception covers governmental decisions and actions grounded on considerations of social and economic or political policy. *See United States v. Gaubert*, — U.S. —, —–—, 111 S.Ct. 1267, 1273–75, 113 L.Ed.2d 335 (1991).

---

1. The Court notes that Plaintiff's allegation that ATF breached a duty of due care in failing to investigate and provide her with protection is a matter of substantive tort law, and has no bearing on whether the discretionary function exception bars Plaintiff's claim. The issue of negligence is not relevant to the discretionary func-

tion exception analysis. *General Public Utilities Corp. v. United States*, 745 F.2d 239 (3rd Cir. 1984), *cert. denied*, 469 U.S. 1228, 105 S.Ct. 1227, 84 L.Ed.2d 365 (1985); *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1029 (9th Cir.1989). The Court need only look at whether the discretionary function applies.

The exception covers acts that "involve an element of judgment or choice," or the "permissible exercise of policy judgment." *Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 1958–59, 100 L.Ed.2d 531 (1988). Moreover, it is the "nature and conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.[2]" *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

2. *The Discretionary Function Exception to the FTCA and Claims Arising out of ATF's Handling of the Investigation*

■ Federal courts have frequently found claims arising from decisions on whether to conduct law enforcement investigations to be barred by the discretionary function exception. In *Kelly v. United States*, 924 F.2d 355 (1st Cir.1992), a Drug Enforcement Agency ("DEA") agent brought an action against his supervisors, alleging defamation and failure to investigate. The court held that the discretionary function exception to the FTCA barred the suit, stating that "... decisions to investigate, or not, are at the core of law enforcement activity [and] involve precisely the kind of policy-rooted decision-making that section 2680(a) was designed to safeguard." *Id* at 362.

Federal courts have applied this same rationale to a plaintiffs' claims concerning the quality of a law enforcement agency's investigation. In *Pooler v. United States*, 787 F.2d 868 (3rd Cir.1986), *cert. denied*, 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986), a former employee of the Veterans Administration alleged that he was falsely arrested as a result of a negligent investi-

gation of charges of marijuana sales on the premises of a VA hospital by a police officer employed by the VA. The court remarked that Congress "did not intend to provide for review of the quality of investigative efforts," which require balancing goals and resources, because the exercise of investigative discretion is the perfect example of a discretionary function. *Id* at 871.

The Court finds that the discretionary function exception to the FTCA covers Plaintiff's allegations regarding Special Agent Rogers' handling of the investigation in this case. Plaintiff's allegations that Special Agent Rogers improperly conducted the investigation are the same type of allegations that were before the *Kelly* and *Pooler* courts, which both found that the discretionary function exception barred the respective plaintiffs' claims. Special Agent Rogers' decision on how to investigate Plaintiff's report of information required a policy judgment regarding choices on how to balance the ATF's goals and resources, and therefore is covered by the discretionary function exception to the FTCA.

3. *The Discretionary Function Exception to the FTCA and Claims Arising out of ATF's Decision Not to Provide Plaintiff with Police Protection*

The Court finds that Defendants' decision not to provide Plaintiff with protection falls within the discretionary function exception. In *Piechowicz v. United States*, 885 F.2d 1207 (4th Cir.1989), the survivors of a murdered federal criminal witness left unprotected by federal authorities brought a wrongful death claim against the United

---

**2.** Plaintiff argues that the discretionary function does not apply to this case, and relies almost exclusively on a series of cases which analyze the discretionary function exception to the FTCA under the operational versus planning distinction, which were decided prior to the Supreme Court's opinions in *Varig Airlines* in 1984 and in *Gaubert* in 1991. *See Rogers v. United States*, 397 F.2d 12 (4th Cir.1968); *Swanner v. United States*, 275 F.Supp. 1007 (M.D.Ala. 1967), *rev'd*, 406 F.2d 716 (5th Cir.1969), *on*

*remand*, 309 F.Supp. 1183 (1970); *Downs v. United States*, 522 F.2d 990 (6th Cir.1975).

In *Varig Airlines* and *Gaubert*, the Supreme Court abolished the operational versus planning distinction. In those decisions the Supreme Court made clear that the level at which an action is taken, whether at the planning, policy, or operational level, is irrelevant to whether the action falls under the discretionary function exception to the FTCA.

States. The Fourth Circuit held that the discretionary function exception barred the claim because the decision whether to protect a witness is a policy decision which requires officials to weigh the policies, goals, and resources of an agency. *Id.* Moreover, in *Bergmann v. United States*, 689 F.2d 789 (8th Cir.1982), the Eighth Circuit held that even if the government assumes a duty to protect a witness, how best to fulfill this duty requires a discretionary policy decision.

Special Agent Rogers, like the officials in *Piechowicz* and *Bergmann*, had to choose among policy options, goals, and resources of his agency in deciding whether to provide Plaintiff with protection. Accordingly, this Court finds that Special Agent Rogers' decision not to provide protection to Plaintiff was a discretionary policy decision falling within the discretionary function exception and barring Plaintiff's claim.

## IV. CONCLUSION

The Court finds that Special Agent Rogers' handling of the investigation and refusal to provide Plaintiff with protection are discretionary policy judgments, requiring choices on how to balance the goals and resources of ATF. Therefore, Special Agent Rogers' decisions fall within the discretionary function exception, which divest the Court of subject matter jurisdiction over this case. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).

Accordingly, based on above, the Court GRANTS Defendants' Motion to Substitute the United States for Defendant Rogers, GRANTS Defendants' Motion to Dismiss the Bureau of Alcohol, Tobacco, and Firearms, and GRANTS Defendants' Motion to Dismiss the Complaint.

IT IS SO ORDERED.