FERGUSON, District Judge,
dissenting:
I dissent from that part of the majority opinion entitled “The Amendability Of The Complaint In Tort.” The plaintiff is unable to plead any set of circumstances where the government could be liable in tort for its agents disclosing on the high seas that the *499 plaintiff was participating in an undercover government investigation of money-laundering activities of the international Medellin drug cartel when the disclosure was made in order to persuade two members of the cartel to become informants for the Federal Bureau of Investigation (“FBI”). The majority have remanded the case to the district court in order to allow the plaintiff the opportunity to redraft his complaint so as to avoid the various exceptions to the Federal Tort Claims Act (“FTCA”) raised by the government. However, where redrafting could not cure the pleading, it is proper for the district court to dismiss the complaint without allowing the plaintiff to amend. Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988), cert. denied, 490 U.S. 1098, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989). No matter how the plaintiff portrays the FBI’s conduct in revealing his identity, such conduct was protected by the discretionary function exception to the FTCA. Because he cannot redraft his claims to avoid the discretionary function exception, the district court properly dismissed his complaint with prejudice. As in Frigard, the bar of sovereign immunity is absolute and the plaintiff cannot redraft his claim to avoid the exception to the FTCA. Id.
The FTCA provides a limited waiver of the federal government’s sovereign immunity when its employees are negligent within the scope of their employment. Under the FTCA, the government can only be sued “under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b). Thus, the FTCA does not apply to conduct that is uniquely governmental, that is, incapable of performance by a private individual. The majority, in discussing the distinction between private acts and governmental conduct at pages 496-97 of their opinion, have failed to fully describe the incident that the plaintiff claims results in a cause of action under the Federal Tort Claims Act. That incident is the disclosure of the name of a government informant in an attempt to obtain other informants in foreign countries to act for the government in intelligence gathering against an international drug cartel. The majority have avoided trying to describe any case that would make it a tort by a private person.
Furthermore, the FTCA is limited by a number of exceptions pursuant to which the government is not subject to suit, even if a private employer could be liable under the same circumstances. These exceptions include the discretionary function exception, which bars a claim “based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.” 28 U.S.C. § 2680(a).
In order to determine whether the FBI’s conduct falls within the discretionary function exception, the courts must apply a two-part test established in Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958-59, 100 L.Ed.2d 531 (1988). See Kennewick Irrigation District v. United States, 880 F.2d 1018, 1025 (9th Cir.1989). First, the question must be asked whether the conduct involved “an element of judgment or choice.” United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (quotation omitted). This requirement is not satisfied if a “federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.” Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958. Once the element of judgment is established, the next inquiry must be “whether that judgment is of the kind that the discretionary function exception was designed to shield” in that it involves considerations of “social, economic, and political policy.” Gaubert, 499 U.S. at 322-23, 111 S.Ct. at 1273. No matter how the plaintiff drafts his tort claims, it is clear that the FBI’s conduct in revealing his identity meets both parts of the Berkovitz test.
Under the first part of the Berkovitz test, the plaintiff has failed to point to any federal statute, regulation, or policy which specifically prohibited the FBI from revealing his identity to those whom the FBI was trying to *500 recruit as informants.[1] The plaintiff had ample opportunity prior to the filing of the government’s motion to dismiss to conduct discovery on relevant FBI guidelines or other applicable laws. See St. Clair v. City of Chico, 880 F.2d 199, 202 (9th Cir.), cert. denied, 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989) (where plaintiff had the opportunity to conduct discovery prior to filing of motion to dismiss, the district court may dismiss the complaint without allowing additional time for discovery); Berardinelli v. Castle & Cooke Inc., 587 F.2d 37, 39 (9th Cir.1978) (same). Nonetheless, the plaintiff has not disputed the government’s assertion that the FBI agents exercised their judgment in choosing to reveal his identity in order to convince two members of the drug cartel to become informants. He merely claims that the FBI agents “unnecessarily” disclosed his identity. Accordingly, the challenged conduct meets the first part of the Berkovitz test.
In applying the second part of the Berko-vitz test, we are required to keep in mind the context of the FBI’s conduct: the decision to reveal the plaintiff’s identity occurred during the collection of intelligence outside the United States against an international drug enterprise whose activities are contrary to the welfare and national security interests of the United States. Given the discretion involved in an undercover operation of such enormity and complexity, even “day-to-day” decisions in the course of carrying out the operation would involve the balancing of broad, policy-based considerations. Gaubert, 499 U.S. at 325, 111 S.Ct. at 1275 (“[discretionary conduct is not confined to the policy or planning level”). An analysis of the full range of pleading possibilities to which the plaintiff could resort in drafting his tort claims demonstrates that, no matter how we look at the FBI’s conduct, it involved discretionary judgments based on social, economic, and political policy.
The plaintiff tries to mask the discretionary nature of the intelligence activity in which the FBI was engaged when it committed the challenged conduct by arguing that the FBI was engaged in “law enforcement” and that law enforcement decisions do not involve generalized, policy-based choices. See Garcia v. United States, 826 F.2d 806, 809 (9th Cir.1987). The flaw in the plaintiffs argument is demonstrated by the statute. 28 U.S.C. § 2680(h) provides that the government is not liable when any of its agents commits the torts of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. However, it also provides an exception. The government is liable if a law enforcement officer commits assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. The government is not liable if the claim against law enforcement officers is for libel, slander, misrepresentation, deceit, or interference with contract. Congress has not waived the government’s sovereign immunity against all law enforcement acts or omissions. Garcia was a case involving a shooting by an Immigration and Naturalization Service officer, an activity about which Congress specifically waived sovereign immunity. Assault and battery and the other offenses set forth for law enforcement liability of course do not involve the broad policy-based considerations that enter into the discretionary function exception. The acts which are described in this case, however, do not resemble in any degree the activities for which law enforcement officers could be liable.
Indeed, some law enforcement decisions do involve broad policy-based considerations and therefore fall within the discretionary function exception. In Georgia Casualty and Surety Company v. United States, 823 F.2d 260, 263 (8th Cir.1987), which was cited with approval by this court in Frigard, 862 F.2d at 203, the Eighth Circuit stated that “the means chosen by the Government to enforce the law are protected by the discretionary function exception” (emphasis added). See also Horta v. Sullivan, 4 F.3d 2, 21 (1st Cir.1993) (“although law enforcement agents have a mandatory duty to enforce the law, *501 decisions as to how best to fulfill that duty are protected by the discretionary function exception”). Accordingly, the court held that the discretionary function exception protected the government where the FBI, upon weighing “the public concern for reducing widespread criminal activity against the harm to innocent victims,” chose to maintain secrecy in an operation. Georgia Casualty, 823 F.2d at 263. In foregoing secrecy in the case at hand, the FBI had to balance exactly the same types of policy-based considerations.
In this case, the FBI agents made a decision not to arrest the two cartel members, but instead to recruit them as FBI informants by revealing that the plaintiff, one of their allies, had already become an informant. The plaintiff could redraft his complaint to state that this conduct was the FBI’s means of enforcing the law through the collection of intelligence. However, his attempt would be to no avail. In Frigard, 862 F.2d at 203, this court held that the collection of intelligence information by the Central Intelligence Agency “involves elements of judgment and choice and strong public policy considerations” and, therefore, “the decision as to how best to fulfill this duty is within its discretion.” In the ease at hand, the FBI’s complaint falls squarely within the understanding of intelligence gathering discussed by this court in Frigard.
Similarly, an attempt by the plaintiff to redraft his complaint in order to focus on the FBI’s use and recruitment of its informants would be to no avail. His challenge would necessarily be to the propriety of a strategic law enforcement decision as to how to deal with an informant during the course of a massive international undercover operation, and specifically the propriety of the means used to enlist international drug dealers to be FBI informants. Although this court has not encountered the precise issue, the Eleventh Circuit recently stated that, “[t]he decision to use a particular person as an informant is inextricably intertwined in the policy decision to use informants for law enforcement purposes.” Ostera v. United States, 769 F.2d 716, 718 (11th Cir.), reh’g denied, 775 F.2d 304 (11th Cir.1985). Reasoning that the “acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable” under the FTCA, the court in Ostera held that the decision to release a particular informant from prison was protected by the discretionary function exception. Id. (quoting Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953)). Here the decision to reveal an informant’s identity in order to recruit other informants, where no statute or regulation prohibited such conduct, was inextricably intertwined with the policy-based decision to use the plaintiff as an informant and to recruit the two cartel members as informants.
Finally, an attempt by the plaintiff to redraft the complaint to focus on the FBI’s failure to train its agents in the proper recruitment of informants would also be to no avail. Absent specific statutes or regulations, where the particular conduct is discretionary, the failure of the government properly to train its employees who engage in that conduct is also discretionary. See, e.g., Flynn v. United States, 902 F.2d 1524 (10th Cir.1990) (failure of National Park Service to train its employees as to proper use of emergency equipment was discretionary).
No amount of subsequent pleading can change the fact that the FBI had to balance considerations grounded in social, economic, and political policy in choosing whether and how to collect intelligence information during its investigation of the Medellin cartel. No matter how the plaintiff tries to portray it, the FBI’s conduct was within the discretionary function exception of the Federal Tort Claims Act. A court review of the decision to attempt to recruit two members of the cartel to become government informants in furtherance of an investigation encroaches upon the FBI decision-making process.
Moreover, the FTCA provides that the government will be liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 1346(b). The plaintiff has not cited any authority whatever that a private person would be liable to him if the acts alleged were performed under the same circumstances by a private person. The alleged tort of disclosure here was part of an international intelligence gathering activity performed on the high seas. The FBI’s conduct in this case was uniquely governmental: no *502 private individual can lawfully engage in international government intelligence involving the national welfare. Thus, the FBI’s liability “is not akin to that of a ‘private individual under like circumstances.’ ” Woodbridge Plaza v. Bank of Irvine, 815 F.2d 538, 543 (9th Cir.1987) (quoting 28 U.S.C. § 2674) (FDIC’s liability is unlike that of a private individual under California law). See also Caban v. United States, 728 F.2d 68 (2d Cir.1984) (immigration officers have materially different duties than do private citizens, and therefore no FTCA liability exists, even if a private person could be liable for wrongfully detaining plaintiff). “[Statutes waiving the sovereign immunity of the United States must be ‘construed strictly in favor of the sovereign.’” Gasho v. United States, 39 F.3d 1420 (9th Cir.1994) (quoting McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951)). Because there is no “persuasive analogy with private conduct” in this case, the FTCA cannot apply to the plaintiff’s tort claims. See Woodbridge, 815 F.2d at 543 (quotation omitted).
Given both the discretionary and uniquely governmental nature of the FBI’s conduct in this case, the remand to the district court is clearly unwarranted, a waste of judicial resources, and I therefore dissent.

. Indeed, the majority recognize that even the plaintiff's contract with the FBI did not prohibit the FBI from revealing his identity.