## Michelle OCHRAN, Plaintiff,

v.

## UNITED STATES of America, Defendant.

### No. 94–92–CIV–FTM–23D.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1996.

Jay F. Meisenberg, Jay F. Meisenberg, P.A., Ft. Myers, FL, Cathy L. Lucrezi, Law Office of Cathy L. Lucrezi, Ft. Myers, FL, for Plaintiff.

Elizabeth A. Russell, Sarah Lenz Lock, Attorney General's Office, Civil Division, Torts Branch, Washington, DC, for Defendant.

### *ORDER*

MERRYDAY, District Judge.

Before the Court is the United States' motion for dismissal or summary judgment (Doc. 44). Upon consideration, the motion is **GRANTED.**

This case arises from a very unfortunate series of events. The plaintiff, Michelle Ochran ("Ochran"), cooperated with a non-federal drug task force by providing information concerning her ex-boyfriend, Frank Restaino ("Restaino"). The United States ultimately prosecuted Restaino on drug charges. Prior to his arraignment, Restaino called and threatened to kill Ochran and her family. Ochran's father brought this threat to the attention of the Assistant United States Attorney assigned to prosecute Restaino, Susan Daltuva ("AUSA Daltuva"). AUSA Daltuva advised Ochran's father that she would investigate the matter. At some point, Ochran requested that the United States Attorney's Office protect her from Restaino, but that request was denied. Although AUSA Daltuva discussed the threat with Restaino and his attorney, she did not bring the threat to the attention of the court at Restaino's arraignment.

At the conclusion of the arraignment hearing, Restaino was released on bond. While on bond, he kidnapped Ochran and choked and stabbed her repeatedly. Fortunately, Ochran survived the attack. She has sued the United States for damages, alleging that it failed to protect her from Restaino.[1]

Ochran brings this action under the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of the United States' sovereign immunity. 28 U.S.C. § 1346. The limited waiver is qualified by several exceptions, one of which is known as the "discretionary function exception." 28 U.S.C. § 2680(a). This exception applies to claims based upon a government agent's performance of functions that involve the exercise of individual judgment and are grounded in public policy considerations. *See, e.g., Autery v. United States,* 992 F.2d 1523, 1524–1526 (11th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1829, 128 L.Ed.2d 458 (1994). This exception does not apply if the federal agent's discretion is eliminated by a statute or regulation that prescribes a particular course of conduct. *Id.* at 1526. Because Ochran's claim is based upon AUSA Daltuva's alleged failure to perform a discretionary function, the exception applies to this case and therefore deprives this Court of jurisdiction to hear Ochran's claim.

The regulation that Ochran cites as controlling in this case requires federal agencies to "make their best efforts to insure that victims of crime are treated with fairness and respect to the victim's dignity and privacy." Attorney General Guidelines for Victim and Witness Assistance, Art. I(B) (1991) (citing the Crime Control Act of 1990).[2] This vague directive inevitably requires federal agents to exercise discretion in their interaction with crime victims. It does not mandate that

agencies provide each victim protection, nor does it mandate any other particular course of conduct. Ochran has not identified a statute, regulation, or guideline that requires the United States Attorney to provide protection to a person who is threatened by someone whom the United States Attorney is prosecuting.

In the absence of any such regulation, AUSA Daltuva's decision in this case is analogous to an AUSA's decision concerning the protection of a trial witness. Witness protection decisions routinely are held to involve choice and to implicate public policy concerns such as the best use of available resources and the federal agency's interest in protection. *See, e.g., Ostera v. United States,* 769 F.2d 716 (11th Cir.1985); *Piechowicz v. United States,* 885 F.2d 1207 (4th Cir.1989); *Reeves v. U.S. Dept. of Treasury,* 809 F.Supp. 92 (N.D.Ga.1992), *aff'd,* 996 F.2d 1232 (11th Cir.1993). The same choices and public policy considerations are implicated here. The FTCA's discretionary function exception precludes judicial second-guessing of these difficult, policy-laden decisions.[3]

Ochran also suggests that AUSA Daltuva had an obligation to seek a temporary restraining order against Restaino once she learned of his threats. Although 18 U.S.C. § 1514 gives an AUSA the authority to seek such an order, there is no statute, regulation, or guideline that requires an AUSA to do so. The decision whether to prosecute certain offenses or to seek certain court orders is within the prosecutorial discretion of the United States Attorney and is not subject to review by this Court. *See, e.g., Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967).[4]

---

**1.** Ochran's complaint also alleged that the United States Attorney's Office breached a promise not to reveal her identity to Restaino. The plaintiff appears to have abandoned this contention, and has presented no evidence to create a genuine issue of material fact on this claim.

**2.** The Court assumes that Ochran qualifies as a "victim" under the guidelines.

**3.** The Court rejects Ochran's contention that the AUSA voluntarily assumed a duty to protect her. Viewing the evidence presented in the light most

favorable to Ochran, the conduct described does not rise to the level of a voluntary undertaking or a "special relationships" that would defeat the discretionary function exception to the FTCA. *See, e.g., Merced v. City of New York,* 856 F.Supp. 826 (S.D.N.Y.1994).

**4.** For this reason, the plaintiff's attempt to amend her complaint to formally allege this theory would be futile and would not affect summary judgment.

The Court sympathizes with Ochran for the injuries she has sustained. The law, however, does not permit recovery against the United States for those injuries. Accordingly, because this Court lacks subject matter jurisdiction, this matter is **DISMISSED WITH PREJUDICE.**