**Louis Theodore FRIGARD; Miriam Claudia Frigard,**
**Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America; Central Intelligence Agency,**
**Defendants–Appellees.**

**No. 87–1906.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 1988.

Memorandum Filed Aug. 15, 1988.

Decided Nov. 29, 1988.

Michael P. Guta and John E. Hill, Hill, Schwartz, Stenson, San Francisco, Cal., for plaintiffs-appellants.

Roger D. Einerson and Paul F. Figley, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ALDISERT,* BEEZER and O'SCANNLAIN, Circuit Judges.

### PER CURIAM:

Louis and Miriam Frigard sued the United States because they believed that the CIA had misrepresented its participation in a company with which they had invested funds, causing them to lose their investment. The district court dismissed the complaint with prejudice for lack of subject matter jurisdiction. We affirm.

### FACTS

The Frigards invested funds with Bishop, Baldwin, Rewald, Dillingham & Wong ("BBRDW"), an investment company. Because BBRDW mismanaged their investments, the Frigards lost about $310,000.

The Frigards filed this suit seeking damages against the United States and the Central Intelligence Agency ("CIA") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671. The gravamen of their complaint alleged that the CIA used BBRDW as a cover for its operations; wrongfully permitted Rewald, the firm president, to defraud investors; and misrepresented that BBRDW was a legitimate company.

The district court dismissed the Frigards' complaint with prejudice because, *inter alia:*

(1) the claims based on misrepresentation and deceit were barred by the misrepresentation exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), and

(2) the entire suit was barred by the discretionary function exception, 28 U.S.C. § 2680(a).

The Frigards timely appeal these findings.[1]

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. The Frigards also appeal the district court's refusal to consider an improperly filed amendment to the complaint deleting contract claims and claims against the CIA *eo nomine*. Because a local district court has broad discretion in

### DISCUSSION

1. *The Misrepresentation Exception*

■ The Federal Tort Claims Act ("FTCA") waives sovereign immunity from suits for damages against the United States

> for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant....

28 U.S.C. § 1346(b).

However, several classes of tort claims are excepted from the FTCA's broad waiver. *United States v. Varig Airlines,* 467 U.S. 797, 808, 104 S.Ct. 2755, 2761, 81 L.Ed. 2d 660 (1984). Among these is the "misrepresentation exception", which bars damage claims "arising out of ... misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h). Courts have interpreted this exception to bar claims arising from commercial decisions based on false or inadequate information provided by the government. *Guild v. United States,* 685 F.2d 324, 325 (9th Cir. 1982); *see also Alexander v. United States,* 787 F.2d 1349, 1351 (9th Cir.1986). The misrepresentation exception is broadly construed. *See United States v. Neustadt,* 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961); *Alexander,* 787 F.2d at 1351.

Here, the Frigards' allegations include claims of the government's breach of a duty to warn investors of its involvement in BBRDW's operations and on the Frigards' reliance on these implied misrepresentations. Because all of these claims are for "damages from commercial decisions based upon false or inadequate information pro-

interpreting and applying its own local rules, *United States v. Warren,* 601 F.2d 471, 474 (9th Cir.1979), and because the proposed amendment did not overcome the jurisdictional defects we find here, the district court did not abuse its discretion. *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

vided by government," *Guild,* 685 F.2d at 325, the district court correctly ruled that the misrepresentation exception barred the claims.

The Frigards could reframe their claims to exclude the misinformation and reliance elements, and thereby avoid the bar of the misrepresentation exception. *See Block v. Neal,* 460 U.S. 289, 297–98, 103 S.Ct. 1089, 1093–94, 75 L.Ed.2d 67 (1983). However, we would also lack jurisdiction to hear such an action for simple mismanagement or negligent supervision under another exception to the Federal Tort Claims Act.

### 2. *The Discretionary Function Exception*

■ The FTCA balances Congress' willingness to impose tort liability on the United States against its desire to protect the validity of legislation and discretionary administrative policy and action from testing by damage suits in tort by private individuals. If judicial review interferes with this kind of decisionmaking, then the discretionary function exception applies, and the courts lack jurisdiction. *See generally Dalehite v. United States,* 346 U.S. 15, 26–30, 73 S.Ct. 956, 963–965, 97 L.Ed. 1427 (1953); *Berkovitz v. United States,* —— U.S. ——, 108 S.Ct. 1954, 1958–1959, 100 L.Ed.2d 531 (1988).

We consider two factors in applying this exception: the nature of the questioned conduct, and its relation to the policy decision generating it. *Varig,* 467 U.S. at 813–14, 104 S.Ct. at 2764–65.

### A. *Nature of the Conduct*

"[T]he basic inquiry ... is whether the challenged acts of a Government employee ... are of the nature and quality that Congress intended to shield from tort liability." *Id.* at 813, 104 S.Ct. at 2764.

Here, the nature of the conduct at issue —the CIA's alleged use of BBRDW in its covert operations—requires us to apply the discretionary function exception. Because the CIA is charged by Congress with collecting intelligence, and because this charge involves elements of judgment and choice and strong public policy considera-

tions, the decision as to how best to fulfill this duty is within its discretion. The court's review of the decision to use BBRDW would encroach upon the CIA's decisionmaking process; the exception therefore applies. *Id; accord Berkovitz,* 108 S.Ct. at 1960–1961; *ARA Leisure Serv. v. United States,* 831 F.2d 193, 194 (9th Cir.1987). *See also Central Intelligence Agency v. Sims,* 471 U.S. 159, 169–170, 105 S.Ct. 1881, 1887–1888, 85 L.Ed.2d 173 (1985) (Court evinces special solicitude for independence and secrecy of CIA).

### B. *Social, economic, or political decision*

The discretionary function exception should be applied to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy. *Varig,* 467 U.S. at 814, 104 S.Ct. at 2765; *Henderson v. United States,* 846 F.2d 1233, 1234 (9th Cir.1988).

In a recent case much like this one, the Eighth Circuit barred an action against the government brought by an insurer who reimbursed the owners of cars stolen by a ring infiltrated by undercover agents. *Georgia Cas. and Sur. Co. v. United States,* 823 F.2d 260 (8th Cir.1987). Because the FBI's decision to maintain secrecy involved balancing policy considerations, and because the harm resulted directly from the policy, the decision was immunized by the discretionary function exception. "[T]he means chosen by the Government to enforce the law are protected." *Id.* at 263; *see also Redmond v. United States,* 518 F.2d 811, 816–817 (7th Cir.1975) (United States not liable to third party for use of a con man to recover stolen Treasury bond).

Here, similarly, the alleged decisions by the CIA to use BBRDW and to keep its use of the company secret are administrative decisions grounded in social and economic policy. Thus, the decisions are within the discretion of the CIA and protected; by the terms of the statute, this protection continues even if the CIA abused its discretion. *Dalehite,* 346 U.S. at 33, 73 S.Ct. at 966.

### 3. The Dismissal With Prejudice

Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. *Black v. Payne,* 591 F.2d 83, 86 (9th Cir.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979). Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the Frigards redraft their claims to avoid the exceptions to the FTCA. Thus, the district court did not abuse its discretion in dismissing the action with prejudice.

AFFIRMED.