972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ken R. HULBERT, individually, and as next of kin on behalf
of his minor son, Kenneth Michael Hulbert,
Petitioner-Appellant,
v.
Doug HERRING; Linda G. Palmer; Velda Roberts, Marvin E.
Guardian, Thomas H. Brittain, Respondents-Appellees.
 No. 91-16286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 18, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ken R. Hulbert appeals pro se the district court's dismissal of his complaint with prejudice pursuant to Fed.R.Civ.P. 41(b).[1] A district court's dismissal pursuant to Rule 41(b) will be overturned on appeal only if the district court abused its discretion. Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate and remand in part.
 
 
 3
 In reviewing the district court's dismissal, we must keep in mind Hulbert's pro se status. Pro se pleadings are held to a less stringent standard than those prepared by a lawyer and are liberally construed. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Moreover, dismissal is a harsh remedy, and we must look to see "whether the district court might have adopted other less drastic alternatives. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 4
 A pleading must contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends," and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint that fails to comply with Rule 8(a) after the plaintiff has been given an opportunity to amend may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981).
 
 
 5
 Dismissal under Rule 41(b) normally operates as an adjudication on the merits. The exception to this rule is dismissal for improper venue or for lack of jurisdiction. See Rule 41(b); see also Bayoutree Assoc. v. Hall (In re Hall), 939 F.2d 802, 804 (9th Cir.1991) (a determination of improper venue does not go to the merits of the case and therefore must be without prejudice); Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) (dismissal for lack of subject matter jurisdiction should be pursuant to Fed.R.Civ.P. 12(b)(1) rather than Rule 41(b) and should be without prejudice), cert. denied, 490 U.S. 1098 (1989).
 
 
 6
 Here, we agree with the district court that dismissal was proper because Hulbert had failed to establish diversity jurisdiction and that, alternatively, construing his complaint as alleging a federal question, he had also failed to allege proper venue. Nevertheless, under Rule 41(b), the court erred when it dismissed Hulbert's complaint with prejudice. See In re Hall, 939 F.2d 804; Frigard, 862 F.2d at 204. Accordingly, we affirm the district court's dismissal of the action, but we vacate the dismissal with prejudice.
 
 
 7
 AFFIRMED in part, VACATED, and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Civ.P. 41(b) provides that an action may be dismissed "[f]or failure of the plaintiff ... to comply with these rules or any order of the court."