978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet PLANELLS, Antolin Marenco by and through his Guardian
Ad Litem, Plaintiffs-Appellants,
v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Board of Education of
the San Francisco Unified School District, and Ramon
Cortines, Superintendent of Schools, individually and in his
official capacity, Defendants-Appellees.
 No. 91-15850.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Nov. 2, 1992.
As Amended Dec. 30, 1992.
 
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and REA, District Judge.*
 MEMORANDUM**
 OVERVIEW
 Appellants Janet Planells and Antolin Marenco appeal the decision of the district court dismissing their constitutional and state law claims against the San Francisco Unified School District, the Board of Education of the San Francisco Unified School District, and Ramon Cortines, Superintendent of Schools. Appellants contend that these defendants negligently administered a program for learning disabled students and violated various constitutional provisions.
 The district court ruled that the claims against the District, the Board, and Superintendent Cortines for actions taken in his official capacity were barred by the Eleventh Amendment. The district court ruled further that the claims against Superintendent Cortines for actions taken in his individual capacity were barred by the doctrine of qualified immunity. The dismissal of all claims was with prejudice. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294. We affirm in part, reverse in part and remand.
 FACTS
 Because the district court dismissed this matter on a motion to dismiss, the facts as they are alleged in plaintiffs/appellants' complaint are accepted as true. Janet Planells is the mother and guardian ad litem of Antolin Marenco, an emotionally disturbed and learning disabled minor. He is handicapped within the meaning of the Education For All Handicapped Children Act, 20 U.S.C. § 1401(a)(1), and is therefore eligible for special services from his local school district. Pursuant to Chapter 1 of the Education Consolidation and Improvement Act of 1981, 20 U.S.C. § 2727, public school districts are required to provide various services for students with learning disabilities that attend school within the district (hereinafter "Chapter 1 program"). Private schools, both sectarian and non-sectarian, are given the option of participating in the Chapter 1 program at no expense to the private school.
 Prior to 1983, Marenco was enrolled in a private school associated with the Seventh Day Adventist Church. This school elected not to participate in the Chapter 1 program. Planells asked defendant San Francisco Unified School District ("District") to provide the services incident to the Chapter 1 program to her son. The District responded that it could not provide those services because the private school attended by Marenco declined to participate in the program.
 In 1983, Marenco's learning and behavior problems became more pronounced. Planells again petitioned the District to provide services for her son. The District responded that it could not provide those services because Marenco's school refused to participate in the Chapter 1 program and recommended that Planells take her child out of the private school and enroll him in a public school. Planells accepted that advice and enrolled Marenco in a public school for a short period of time.
 At the public school, Marenco enrolled in the Chapter 1 program. According to the allegations of the complaint, Marenco received deficient services and advice because of a pattern, policy or practice of inadequate testing and assessment. He eventually dropped out of the program.
 In January 1988, Planells sought further assistance from the District because Planells was again concerned about her son's increasing learning and behavioral problems. Because of alleged improper testing and diagnosis, the District found Marenco ineligible for special education services and placed him in a facility for truant and delinquent students.
 As a result of this alleged misdiagnosis, Marenco suffered severe behavioral problems which have resulted in his confinement in mental hospitals and juvenile hall. On February 28, 1990, Planells on behalf of herself as well as Marenco filed suit against the District, the Board of Education of the San Francisco Unified School District (the "Board"), and Ramon Cortines, Superintendent of Schools, alleging that they were deprived of various constitutional rights and that they were the victims of various torts.
 On May 1, 1991, after the discovery period had expired, the district court dismissed these claims with prejudice on the ground that the Eleventh Amendment barred suits against school districts in the state of California. The district court also dismissed with prejudice the claims against Superintendent Cortines on the grounds that he was entitled to both Eleventh Amendment and qualified immunity. This appeal followed. For the reasons set forth below, we affirm in part and reverse in part.
 DISCUSSION
 During oral argument on the appeal, counsel for appellants stated that appellants are only seeking relief against Superintendent Cortines for actions taken in his official capacity. This serves to significantly narrow the issues on appeal. Two issues remain. The first is whether the district court properly held that school districts in California are agency's of the state entitled to Eleventh Amendment immunity in federal court. The second is whether the district court properly held that Superintendent Cortines is entitled to Eleventh Amendment immunity on the claims asserted against him in his official capacity for both retrospective and prospective relief. We review a district court's grant of a motion to dismiss under 12(b)(1) & (6) for want of subject matter jurisdiction and for failure to state a claim de novo. San Francisco County Democratic Central Committee v. Eu, 826 F.2d 814, 818 n. 3 (9th Cir.1987).
 A. The District and the Board Are Entitled to Eleventh Amendment Immunity
 Appellants argue that school districts and boards are not arms of the state and should not be afforded Eleventh Amendment protection. Since the time this appeal was filed, we announced our decision in Belanger v. Madera Unified School District, 963 F.2d 248 (9th Cir.1992). In Belanger, the court was faced with the exact Eleventh Amendment issue that is presently before this Court; namely, whether California school districts are entitled to Eleventh Amendment immunity. We concluded that school districts are so entitled. Belanger is the controlling law. The district court correctly dismissed all of the claims against the District and the Board because the claims are barred by the Eleventh Amendment.
 The district court dismissed the claims against the District and the Board with prejudice. Appellants argue that the Eleventh Amendment is jurisdictional and thus the dismissal should have been without prejudice.
 The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." By its terms, the amendment is jurisdictional. A dismissal based on the Eleventh Amendment is therefore a dismissal for lack of subject matter jurisdiction. "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988). Nevertheless, when no other court has the power to hear the case, a dismissal with prejudice is warranted. Id.
 The Supreme Court ruled recently that states and state officials sued in their official capacities are not "persons" who may be sued for a section 1983 violation. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 105 L.Ed.2d 45, 58 (1989). The constitutional claims, then, cannot be reasserted in state court. Appellants conceded this at the hearing on the appeal. Therefore, the dismissal of these constitutional claims with prejudice was appropriate. Because appellants may be able to reassert their common law tort claims in state court, however, the dismissal of these claims should have been without prejudice.
 B. Claims Atainst Superintendent Cortines Were Properly Dismissed with Prejudice
 To determine whether the claims against Cortines were properly dismissed with prejudice, the claims against him must be broken down into three groups: (1) the claims against Cortines for retrospective relief based on actions he took in his official capacity as Superintendent; (2) the claims for prospective relief against him based on actions he took in his official capacity; and (3) all claims against Cortines based on actions he took in his individual capacity.
 1. To the extent appellants seek retrospective relief against Cortines for actions taken by him in his official capacity, the claims are barred.
 In addition to barring claims by citizens against a state and its agencies, the Eleventh Amendment bars claims brought by a citizen against a state official acting in his official capacity for retrospective relief. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Quern v. Jordan, 440 U.S. 332, 59 L.Ed.2d 358 (1979). Further, states and state officials sued in their official capacities are not "persons" who may be sued for a section 1983 violation. Hafer v. Melo, --- U.S. ----, ----, 116 L.Ed.2d 301 310 (1991).
 Appellants seek retrospective relief in the form of money damages against Cortines for actions taken by him in his official capacity. The relief is sought by way of both constitutional claims and common law tort claims. The constitutional claims are barred by both the Eleventh Amendment and under Hafer cannot be reasserted in state court. These claims were thus properly dismissed with prejudice.
 As appellants cannot assert supplemental state law claims against a state officer sued in his official capacity in federal court, see Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121, 79 L.Ed.2d 67, 92 (1984) ("Pennhurst II "), the common law tort claims were also properly dismissed. The dismissal, however, should have been without prejudice because under Pennhurst II, the district court lacked jurisdiction to hear the claims, and the appellants may be able to reassert the common law tort claims in state court.
 2. To the extent appellants seek prospective relief for actions taken by Cortines in his official capacity, appellants have no standing to assert these claims.
 The Eleventh Amendment does not insulate a state official from liability for actions taken in his official capacity when a plaintiff seeks prospective relief. Kentucky v. Graham, 473 U.S. 159, 166-67, 87 L.Ed.2d 114, 122 (1985). Nevertheless, the district court's dismissal of these claims with prejudice was appropriate because the appellants lack standing to assert these claims.
 Appellants request for equitable relief is based on two groups of claims: (1) Constitutional claims, including claims based on the Equal Protection Clause, the Free Exercise Clause, and the Establishment Clause; and (2) common law tort claims. As appellants cannot assert supplemental state law claims against a state officer sued in his official capacity in federal court seeking either retrospective or prospective relief, Pennhurst II, supra, 465 U.S. at 106, the state law claims were properly dismissed. The dismissal of the state law claims, however, should have been without prejudice because appellants may be able to reassert the common law tort claims in state court.
 This leaves only the Equal Protection, Free Exercise and Establishment Clause claims to be analyzed. Appellants, however, lack standing to assert these claims. This issue was not raised in the district court. In every federal case, however, a threshold question is whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Article III, and this issue must be resolved before the sufficiency of these claims can be addressed. Associated General Contractors, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1405 (9th Cir.1991) (citation omitted).
 "An individual's past exposure to alleged unlawful conduct is insufficient to establish standing to seek injunctive relief; instead, an individual must demonstrate the likelihood of similar injury in the future." Caldwell v. Lefaver, 928 F.2d 331, 335 (9th Cir.1991); see also Coverdell v. Dept. of Social & Health Services, 834 F.2d 758, 766 (9th Cir.1987). "A plaintiff must show that there is a 'credible threat' that she will again be subject to the particular injury against which injunctive relief is sought." Coverdell, 834 F.2d at 766.
 The injunctive and declaratory relief sought by appellants focuses on the administration of the Chapter 1 program. Clearly, Appellant Planells does not have standing to assert these constitutional claims on her own behalf because she is not and will never be a student enrolled in the Chapter 1 program. As to Appellant Marenco, by and through his guardian ad litem, the record is devoid of any evidence to suggest the Marenco is likely to suffer the alleged harm in the future. Marenco has not offered any evidence or allegation that he plans to re-enroll in a private school that does not offer the Chapter 1 program. Marenco has not even suggested that he wants to re-enroll in such a school but refuses to re-enroll on the basis that his constitutional rights may be violated. Marenco has the burden of establishing standing, Coverdell, 834 F.2d at 766, and has failed to carry it. Because appellants lack standing to seek injunctive and declaratory relief on the constitutional claims, those claims were properly dismissed with prejudice.
 3. To the extent appellants seek retrospective and prospective relief against Cortines for actions taken by him in his individual capacity, these claims were properly dismissed with prejudice.
 The district court dismissed the claims against Cortines in his individual capacity on qualified immunity grounds. Appellants appealed this ruling. At the oral argument, appellants stated that they were no longer asserting claims against Cortines in his individual capacity. Accordingly, these claims were properly dismissed with prejudice.
 CONCLUSION
 The District and the Board are both entitled to Eleventh Amendment immunity for the constitutional claims asserted against them. In addition, to the extent that Cortines is being sued for retrospective relief based on the actions he took in his official capacity, the constitutional claims against him are barred because a state official is not a "person" for purposes of section 1983 and because a state official is entitled to Eleventh Amendment immunity. Further, appellants lack standing to assert their constitutional claims for injunctive and monetary relief because neither appellant has demonstrated that a likelihood exists that either will be subjected to such an injury in the future. Because these claims cannot be reasserted in state court, the district court's order dismissing these claims with prejudice is affirmed.
 The state law tort claims were also properly dismissed against all of the defendants. The Eleventh Amendment bars these claims in federal court against the District and the Board, and Pennhurst II, supra, bars these claims against Cortines for both retrospective and prospective relief to the extent the claims are asserted against him in is official capacity. Inasmuch as appellants may be able to reassert the common law tort claims in state court, the district court's dismissal with prejudice was erroneous. That part of the district court's order is reversed and remanded with instructions to dismiss the state law claims without prejudice.
 Finally, the constitutional claims seeking injunctive and declaratory relief were properly dismissed with prejudice. Neither appellant has standing to assert these claims.
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 Hon. William J. Rea, United States District Court Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3