999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Paul GRANT, Plaintiff-Appellant,
v.
KAISER PERMANENTE MEDICAL CENTER; U.C.D. Medical Center;
U.C.D. Primary Care Center; U.S. Veterans Administration;
Thrifty Drug and Discount Store; Longs Drugs; Payless Drug
Stores, Defendants-Appellees.
 No. 93-15171.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William P. Grant appeals pro se the district court's sua sponte dismissal of his action without prejudice pursuant to Fed.R.Civ.P. 12(h)(3) for failure to allege a basis for federal jurisdiction, as required by Fed.R.Civ.P. 8(a)(1).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal of a complaint pursuant to Rule 12(b). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 Federal courts are courts of limited jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.1989). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986). A pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, [and] (2) a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a). When it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed.R.Civ.P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). Ordinarily, a district court should dismiss an action for lack of jurisdiction without prejudice so that the plaintiff may reassert his or her claim in a competent court. Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988).
 
 
 4
 Here, Grant filed several complaints against Kaiser Permanente Medical Center, U.C. Davis Medical Center and Primary Care Center, the Veterans Administration Outpatient Clinic, Thrifty Drug Store, Longs Drug Store, and Payless Drug Store.[2] Grant alleged the defendants intentionally dispensed poisonous medicine to him and denied him proper medical treatment. Grant's complaints contain scarce and conclusory allegations of fact, which fail to reveal either that a federal question is raised, or that diversity of citizenship exists. We, like the district court, are unable to discern the basis of federal jurisdiction from Grant's complaints. Accordingly, dismissal of Grant's action, therefore, was proper. See Fed.R.Civ.P. 12(h)(3); Frigard, 862 F.2d at 204.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Grant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court's dismissal of Grant's action is without prejudice, it is nonetheless a final, appealable order. See Ash v. Cvetkov, 739 F.2d 493, 494 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)
 
 
 [2]
 Instead of filing one complaint containing allegations against the several defendants, Grant filed seven complaints bearing the same district court case number