**Michael W. WATKINS, Plaintiff–Appellant,**

v.

**David PROULX, et al., Defendants–Appellees.**

No. 05–56139.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 24, 2007.

Michael W. Watkins, Nashville, TN, pro se.

Dennis E. Wagner, Esq., Wagner & Pelayes, Riverside, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Michael W. Watkins appeals pro se from the district court's judgment dismissing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

with prejudice his 42 U.S.C. § 1983 action alleging constitutional violations arising out of a child custody proceeding in state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003) (dismissal based on *Rooker–Feldman*); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir.2004) (dismissal for failure to state a claim), and we affirm.

The district court properly concluded that it lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine because Watkins' action amounted to a de facto appeal of a state court child custody order. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments.). The district court also properly concluded that it lacked subject matter jurisdiction over Watkins' constitutional claims because they were "inextricably intertwined" with the state court decision. *See Noel*, 341 F.3d at 1158; *see also Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir.2001) (applying *Rooker–Feldman* doctrine to interlocutory state court decisions). The district court's dismissal should have been without prejudice, however. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988) (per curiam) (dismissal for lack of subject matter jurisdiction should be without prejudice).

Because Watkins' action is barred by *Rooker–Feldman*, amendment of his complaint would have been futile. *See Saul v.*

ed by 9th Cir. R. 36–3.

*United States*, 928 F.2d 829, 843 (9th Cir. 1991).

We also affirm the district court's dismissal of Watkins' mail fraud claim. *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n. 1 (9th Cir.1987) (recognizing that no private right of action exists under 18 U.S.C. § 1341).

Watkins' remaining contentions are not persuasive.

**AFFIRMED and REMANDED with instructions to enter a dismissal without prejudice as to Watkins' right to file in state court.**