NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL GREGORY SHEARER, | No. 14-35566 |
| Plaintiff-Appellant, | D.C. No. 3:03-cv-00263-TMB |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Paul Gregory Shearer appeals pro se from the district court's partial denial

of a motion to amend the judgment in his action seeking compensation for various

property rights taken by the United States.  We have jurisdiction under 28 U.S.C. §

1291.  We review for an abuse of discretion a denial of a motion to amend the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment, *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying in part Shearer's motion to amend the judgment because Shearer's claim for additional interest payments on the properties taken pursuant to Public Law 105-83, Section 120, was foreclosed by the full and final settlement agreement he entered in 2008. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (setting forth grounds under which district courts may amend a judgment).

Similarly, Shearer's contentions regarding the dismissal of his claims for compensation for Parcels 3, 14, and 20 are mooted by the settlement agreement, which includes a final resolution of all claims for compensation as to those Parcels.

The district court did not abuse its discretion in dismissing, with prejudice, several of Shearer's quiet title and just compensation claims because Shearer did not oppose dismissal and the district court had exclusive jurisdiction over those claims. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (describing district courts' wide discretion in case management and obligation "to secure the just, speedy, and inexpensive determination of every action" (citation and internal quotation marks omitted)); *Frigard v. United States*,

2                                                                                           14-35566

862 F.2d 201, 204 (9th Cir. 1988) (district court did not abuse its discretion in dismissing with prejudice for lack of subject matter jurisdiction where no other court had power to hear the case).

The district court properly entered judgment based on a lack of subject matter jurisdiction without granting Shearer leave to file further motions. *See Axess Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999) (without an exercise of jurisdiction, a district court lacks the power to adjudicate other claims or issues).

Defendants' motion to strike any evidence or arguments Shearer presented for the first time in his reply brief, filed on January 13, 2016, is granted.

**AFFIRMED.**

14-35566