NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILLIAN PELLEGRINI,

No.    17-15735

Plaintiff-Appellant,

D.C. No.
1:16-cv-01292-LJO-BAM

v.

FRESNO COUNTY; et al.,

MEMORANDUM*

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 11, 2018**
San Francisco, California

Before:  TASHIMA, GRABER, and HURWITZ, Circuit Judges.

After the Fresno County Superior Court ordered Plaintiff Lillian Pellegrini to

transfer assets to a family trust and pay damages, she filed this federal action against

the court, Fresno County, three banks, and the law firm that had prosecuted the state

court proceedings.  The district court dismissed the complaint with prejudice for lack

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of subject-matter jurisdiction. We have jurisdiction over Pellegrini's timely appeal under 28 U.S.C. § 1291 and we vacate and remand.

1. The Eleventh Amendment barred district court jurisdiction over Pellegrini's claims against the Superior Court. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." (citation and internal quotation marks omitted)). The claims are also barred under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) (noting that the doctrine bars review of a "legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling").

2. Pellegrini failed to "specifically and distinctly" argue on appeal why the district court had subject-matter jurisdiction over the fraud and conversion claims against the other defendants, so the issue is forfeited. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (describing forfeiture of issues). In any case, Pellegrini's claims directly contravene the Superior Court's holding that these assets belonged to the trust. The district court lacked jurisdiction over these "inextricably intertwined" claims, as the "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (citation omitted).

3. Pellegrini's arguments of extrinsic fraud fail. She asserts that "[t]he

2

defendants acted in concert to misrepresent property title and interest for purposes of stealing" her property, but does not contend that she was deprived of the ability to present her case in state court. *See Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978) (defining extrinsic fraud as conduct that "prevents a party from having an opportunity to present his claim or defense in court or deprives a party of his right to a day in court," not "misrepresentations" that go "to the very heart of the issues contested in the state court action" (citations and internal quotation marks omitted)).

4. The district court did not abuse its discretion by taking judicial notice of documents and orders filed in the state proceedings. "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). The district judge made clear that he took judicial notice of "the existence of the document or order," not "[t]he truth or the correctness of the factual content." *See id.* at 690 (holding that "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion" (citation and internal quotation marks omitted)). Pellegrini also asserts that she had no opportunity below to oppose judicial notice. To the contrary, the district court expressly considered, and rejected, Pellegrini's objections to judicial notice.

3

5. The district court dismissed Pellegrini's complaint with prejudice. But "a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert [her] claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). We therefore vacate the dismissal with prejudice and remand with directions that the dismissal be without prejudice.

**VACATED** and **REMANDED**; costs shall be taxed against Pellegrini.