NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENAN BIBEROVIC, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

CULVER CITY, an incorporated public municipality; et al.,

Defendants-Appellees.

No.    19-55512

D.C. No.
2:18-cv-08632-DDP-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 13, 2020**
Pasadena, California

Before:  WARDLAW, COOK,*** and HUNSAKER, Circuit Judges.

Kenan Biberovic appeals the district court's order dismissing his complaint

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

without leave to amend under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction over the appeal under 28 U.S.C. § 1291. We vacate and remand with instructions to dismiss for lack of subject matter jurisdiction.[1]

Biberovic was convicted in state court at a trial by declaration and fined $490 under California Vehicle Code §21453(a) after he turned right at a red light without first coming to a complete stop behind the limit line. He then filed a class action against Culver City and its mayor under 42 U.S.C. § 1983 for violation of the Eighth Amendment, alleging that he was at most guilty of violating California Vehicle Code §21453(b), which carries only a $290 fine, and that therefore his $490 fine was excessive.

Biberovic's suit is subject to dismissal under the *Rooker-Feldman* doctrine. In relevant part, the *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment, *Noel v. Hall*, 341 F.3d 1148, 1158, 1161 (9th Cir. 2003), unless the judgment was obtained through extrinsic fraud that prevented a party from presenting his claims, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004). Biberovic does not contest that his suit is a de facto appeal from a state court judgment, and he had a full opportunity to argue he was not guilty of

---

[1]Biberovic's request for judicial notice of his motion for permanent injunction and associated exhibits is **DENIED** as moot.

violating California Vehicle Code § 21453(a) before the state court. His suit is therefore barred under *Rooker-Feldman*.

We accordingly vacate the district court's judgment and remand with instructions to dismiss without prejudice for lack of jurisdiction. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("[A] case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice . . . ."). Costs shall be taxed against Biberovic. Fed. R. App. P. 39(a).

**VACATED** and **REMANDED.**