NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAYSEE NITTA,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant-Appellee. | No.   20-16362<br><br>D.C. No.<br>2:17-cv-01137-GMN-DJA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted August 5, 2021**
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Kaysee Nitta sued the United States pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346(b)(1), for injuries she sustained from an explosion

caused by someone placing a barrel containing diesel fuel in a bonfire that she

attended at Rainbow Mill, a privately operated § 3809 mining site located on

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

public lands in Nevada that the Bureau of Land Management ("BLM") administers. *See* 43 C.F.R. §§ 3809.1–3809.900 (regulations over mining operations on public lands). Nitta alleges that the United States is liable for her injuries because BLM negligently failed to complete reclamation of Rainbow Mill (i.e., clean it up) after mining operations concluded and negligently failed to adequately warn entrants of hazards at Rainbow Mill.

The district court dismissed Nitta's claims, with prejudice, for lack of subject matter jurisdiction, reasoning that the FTCA's discretionary function exception shielded the United States from Nitta's negligence claims. *See* 28 U.S.C. § 2680(a). The discretionary function exception is a limitation on the United States' waiver of sovereign immunity. We review its application to Nitta's claims de novo. *See Nanouk v. United States*, 974 F.3d 941, 944 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The discretionary function exception bars Nitta's first claim alleging that BLM negligently failed to complete reclamation of Rainbow Mill before Nitta's injury. We apply a two-step test to determine if the discretionary function exception bars a claim. *See id.* at 944–45. The first step requires examination of "whether the act or omission on which the plaintiff's claim is based was discretionary in nature—that is, whether it 'involve[d] an element of judgment or choice.'" *Id.* (alteration in original) (citation omitted). If so, under the second

step, we ask whether the decision is "grounded in social, economic, and political policy" such that it is "susceptible to policy analysis." *Id.* at 945.

At the first step, BLM's failure to complete reclamation prior to Nitta's injury was discretionary because no governing "statute, regulation, or policy" directed BLM to complete reclamation of a § 3809 mining site within any particular timeframe. *See Nanouk*, 974 F.3d at 946 (citation omitted). To the contrary, § 3809 site operators are responsible for completing reclamation, 43 C.F.R. § 3809.420(b)(3), and "BLM may complete the reclamation" if the operator abandons operations and fails to reclaim, *id.* § 3809.336. *See also id.* § 3809.598. The term "may" in the regulation gives BLM discretion to decide whether to complete reclamation at a particular § 3809 site.[1] *See City & County of San Francisco v. U.S. Dep't of Transp.*, 796 F.3d 993, 1002 (9th Cir. 2015).

At the second step, BLM's decision to defer completing reclamation of

---

[1] Nitta relies on 43 C.F.R. § 3809.332 and Section 3.5.1 of BLM's *Surface Management Handbook* to argue that BLM did not have discretion over whether to complete reclamation. Section 3809.332 provides that "BLM will conduct an inspection to verify whether [an operator has] met [his] obligations" regarding reclamation and "will notify [him] promptly in writing." 43 C.F.R. § 3809.332. However, nothing in § 3809.332 indicates that BLM must take any action to complete reclamation. Section 3.5.1 of the handbook states that BLM will "promptly conduct an inspection to verify whether the operator has met the reclamation obligations and will provide the operator with written notice of its findings," and it states that BLM may take enforcement action under certain circumstances. *See* Bureau of Land Mgmt., Dep't of Interior, *H-3809-1—Surface Management Handbook* § 3.5.1, at 3-17 (2012). But again, these provisions in no way indicate that BLM must complete reclamation itself.

3

Rainbow Mill is susceptible to policy analysis because it involves at least two competing policy considerations. *See Nanouk*, 974 F.3d at 949. Those considerations include promoting public safety and meeting its statutory mandate to "prevent unnecessary or undue degradation of" the public lands. 43 U.S.C. § 1732(b); *see also* 43 C.F.R. § 3809.1. Additionally, BLM's decision about whether to reclaim a § 3809 site like Rainbow Mill requires it to make policy judgments on how to prioritize sites and distribute its limited resources in doing so. *See Nanouk*, 974 F.3d at 948–49.

While Nitta contends that BLM simply failed to execute a policy choice it had already made, nothing in the record indicates that BLM decided to prioritize Rainbow Mill prior to Nitta's injury at the bonfire. Indeed, BLM did not take steps to assume responsibility of Rainbow Mill's reclamation until after Nitta's injury. BLM agents described Rainbow Mill as "neat" and "clean" compared to other § 3809 mining sites and stated that "contaminated spill sites" took priority. Accordingly, because BLM had discretion as to whether to complete reclamation of Rainbow Mill, which was a decision susceptible to policy analysis, the discretionary function exception bars Nitta's claim based on BLM's failure to complete reclamation prior to her injury.

2.     Nitta's claim based on BLM's alleged negligent failure to warn of hazards at Rainbow Mill is similarly barred by the discretionary function

4

exception. First, BLM's failure to warn was discretionary in nature because none of the cited authority prescribed that it has any duty to warn entrants of hazards at § 3809 mining sites like Rainbow Mill. *See Nanouk*, 974 F.3d at 946. Second, we have held that the decisions involved in determining whether to warn the public of hazards are susceptible to policy analysis. *See Terbush v. United States*, 516 F.3d 1125, 1139 (9th Cir. 2008); *Reed ex rel. Allen v. U.S. Dep't of the Interior*, 231 F.3d 501, 504–08 (9th Cir. 2000) (rejecting argument that BLM had duty to warn plaintiff "of the hazard of camping in an area subject to unrestricted night-time vehicular travel"). Therefore, the discretionary function exception also shields BLM from liability for any failure to adequately warn Nitta.

3.      Because Nitta did not request leave to amend before the district court, the district court did not abuse its discretion in dismissing her claims without granting leave to amend. *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1087–88 (9th Cir. 2020). Moreover, Nitta has not explained how she could amend her complaint to articulate a cognizable claim and thus she has failed to develop any argument that the district court abused its discretion in denying leave to amend. *See id.*; *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).

**AFFIRMED.**

5