NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER RAE GUNTER, an Oregon Elector; CHRISTINA LYNN MILCAREK, an Oregon Elector; CHELSEA ANNE WEBER, an Oregon Elector, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHERYL MYERS, as Secretary of State for the State of Oregon; SHEMIA P. FAGAN, in her individual capacity; LISA GAMBEE, in her individual capacity and as Wasco County Clerk; KATHY SCHWARTZ, in her individual capacity and as Wasco County Clerk; STEVE KRAMER, in his individual capacity and as Wasco County Clerk; SCOTT HEGE, in his individual capacity and as Wasco County Clerk, <br><br> Defendants-Appellees. | No. 23-35124 <br><br> D.C. Nos. 3:22-cv-01252-MO <br> 3:22-cv-01675-MO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 2, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiffs-Appellants Jennifer Gunter, Christina Milcarek, and Chelsea Weber (collectively, "Plaintiffs"), proceeding pro se, appeal the district court's order granting the motions to dismiss brought by Lisa Gambee, Kathy Schwartz, Steve Kramer, and Scott Hege (collectively, "Wasco Defendants") and by former Oregon Secretary of State Shemia Fagan ("Fagan").[1]  We have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand with instructions.

1.     Plaintiffs first argue that the district court incorrectly held that they lacked standing.  We review issues of standing de novo.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) (citation omitted).  To establish standing, Plaintiffs had to show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) it is

---

[1] We grant Appellees' motion to substitute the current acting Secretary of State, Cheryl Myers (Secretary Myers), but only as to the claims brought against Fagan in her official capacity.  *See* Fed. R. App. P. 43(c)(2) (When a public officer "who is a party to an appeal . . . *in an official capacity*, resigns . . . [t]he public officer's successor is automatically substituted as a party." (emphasis added)).  Secretary Myers is not substituted with Fagan as to the claims brought against Fagan in her individual capacity.  We deny Appellants' motions to supplement the record, as we "rarely take judicial notice of facts presented for the first time on appeal" and the facts that Appellants wish the court to notice are "subject to reasonable dispute," *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011); Fed. R. Evid. 201(b).

likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

The district court correctly held that Plaintiffs lacked standing. Plaintiffs alleged that they were injured because Oregon's voting machines lacked accreditation, increasing the risk of the machines being hacked in the future. According to Plaintiffs, this risk of hacking also deprived them of "the capability of knowing that their vote was accurately counted." But in the absence of allegations plausibly establishing a substantial risk of a "burden[] [to] their individual exercise of the franchise" or an injury affecting "the tabulation of *their* votes," Plaintiffs' concern that the voting machines are not properly accredited is the kind of "generalized interest in seeing that the law is obeyed" that is insufficient to establish Article III standing. *Lake v. Fontes*, 83 F.4th 1199, 1203 (9th Cir. 2023) (citations omitted). To the extent that Plaintiffs claim that a hacker will deprive them of their votes in the future, the complaint's allegations are too speculative and conjectural to support Article III standing. *See id.* at 1204.

2. Plaintiffs also argue that the district court erred by dismissing their claims with prejudice. Because Plaintiffs lacked standing, the district court erred in dismissing the claims with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (dismissals for lack of subject matter jurisdiction should ordinarily be dismissed without prejudice); *Fleck & Assocs., Inc. v. City of*

3

*Phoenix*, 471 F.3d 1100, 1102 (9th Cir. 2006) (dismissal for lack of standing is a dismissal for lack of subject matter jurisdiction). Instead, it should have dismissed the claims brought against Fagan without prejudice, *see Frigard*, 862 F.2d at 204, and remanded the claims against the Wasco Defendants to the Wasco County Circuit Court, *see Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Accordingly, we vacate and remand to the district court with instructions to dismiss without prejudice Plaintiffs' claims in case number 3:22-cv-01252, and with instructions to remand to the Wasco County Circuit Court in case number 3:22-cv-01675.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**